## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

AVENUE SETTLEMENT CORPORATION )
d/b/a AVENUE TITLE GROUP )
2401 Pennsylvania Avenue, NW )
Suite H )
Washington, DC   20037 )

and )

AVENUE COMMERCIAL TITLE )
COMPANY, INC. d/b/a AVENUE )
TITLE GROUP )
2401 Pennsylvania Avenue, NW )
Suite H )
Washington, DC   20037 )

　　　　*Plaintiffs,* )

v. )

FEDEX CORPORATION )
d/b/a FEDEX EXPRESS )
3610 Hacks Cross Road )
Memphis, TN  38125-8800 )

　　　　Serve Registered Agent: )
　　　　CT Corporation System )
　　　　1015 15th Street, NW )
　　　　Suite 1000 )
　　　　Washington, DC 20005 )

　　　　*Defendant.* )

FILED
CIV      BRANCH
OCT 0 2 2013
of the
District of Columbia
Washington, D.C.

13 - 0 0 0 6 6 7 2

Civil Action No. _____

## COMPLAINT

Plaintiffs Avenue Settlement Corporation and Avenue Commercial Title

Company, Inc., (collectively "Avenue Title Group"), through counsel, state the following

as their Complaint:

Case: 2013 CA 006672 B
00049742464
Drkt: CMBCNF



## JURISDICTION

1.      This Court has jurisdiction pursuant to D. C. Code §11-921 (2013) and D.C. Code § 13-423 (2013).

## PARTIES

2.      Plaintiff Avenue Settlement Corporation is a District of Columbia Corporation doing business, *inter alia*, in real estate settlements and closings and other related activities in the District of Columbia and in the State of Maryland.

3.      Plaintiff Avenue Commercial Title Company, Inc. is a District of Columbia Corporation doing business, *inter alia*, in real estate settlements and other related activities in the District of Columbia and in the State of Maryland.

4.      Defendant FedEx Corporation d/b/a FedEx Express ("FedEx") is a Delaware corporation headquartered in Memphis, Tennessee. FedEx is doing business as, *inter alia*, a carrier delivery service that transports packages via ground, air, and freight transportation.  FedEx conducts its business domestically and internationally, including in the District of Columbia and in the State of Maryland.

## FACTS

5.      On June 6, 2012, Avenue Title Group ("Avenue" or "Avenue Title") sent a package to its title abstractor at Suburban Title & Abstract Company, Inc. ("Suburban Title") from its office located at 2401 Pennsylvania Avenue, NW, Suite H, Washington, DC. Enclosed in the FedEx package was a $3.3 million Indemnity Deed of Trust, as well as the related documents necessary for recording that instrument in the Frederick County, Maryland land records, and a check for the recording fees ("recording package").  When preparing the recording package, the receptionist at Avenue mistakenly used an old address for Suburban Title that was saved in its internal FedEx

2

database. That address was "100 W Church ST # 208, Frederick, Maryland". See Ex. 1. Suburban Title was no longer located at the address placed on the FedEx recording package.

6.  Upon information and belief, on June 7, 2012, the FedEx deliveryman responsible for delivering the recording package to Suburban Title was unable to deliver the recording package as a result of the incorrect address.

7.  On June 8, 2012, instead of calling Avenue and alerting it to the mistake and/or returning the package to Avenue so that the address could be corrected, the FedEx deliveryman, acting within the scope of his employment, delivered the package to a former employee of Suburban Title that he personally knew, and at the time of the delivery worked in the Land Records Department of the Frederick County Circuit Courthouse, located at 100 West Patrick Street, Frederick, Maryland. See Ex. 2

8.  Upon information and belief, the former employee informed the FedEx deliveryman that she no longer worked for Suburban Title, but the deliveryman still allowed her to accept the recording package and left the package with her at the Frederick County Circuit Courthouse, even though it was addressed to Suburban Title. After receiving the recording package, the former employee did not contact Avenue, nor did she contact Suburban Title to let either party know she had the package. Instead she took it home, apparently intending to forward it to Suburban Title, but did not do so.

9.  On July 1, 2012, new legislation went into effect in the State of Maryland requiring that any Indemnity Deed of Trust over $1,000,000.00 that was recorded on or after July 1, 2012 be subject to a recordation tax. See Md. Tax-Property Code Ann. § 12-105 (f)(7) (2013). For any recording of an Indemnity Deed of Trust over $1,000,000.00 **prior** to July 1, 2013, no tax was due.

10.    On July 12, 2012, Avenue Title reviewed its June 2012 bank statement reconciliations for any recording checks that had not cleared, and noticed that the check for recording fees included in the recording package sent via FedEx on June 6, 2012 had not been deposited.  Immediately after that discovery, Avenue worked with both Suburban Title and FedEx to locate the missing recording package.  Defendant FedEx's database did not show that the recording package had been delivered to the former Suburban Title employee at the Frederick County Circuit Courthouse, but had the "100 W Church Street Suite 208" address listed in their system.  See Ex. 1.  It was not until FedEx interviewed the deliveryman, also on July 12, 2012, that FedEx discovered that he had delivered the recording package to the former employee and not directly to Suburban Title.

11.    On the morning of July 13, 2012, Avenue Title was informed that the recording package had not been delivered to Suburban Title, but to the former Suburban Title employee that was an employee of the Land Records Department at the Frederick County Circuit Courthouse.  Avenue then immediately called Suburban Title, who in turn called the former employee and requested that she look for the package. The former employee found the recording package in a magazine rack at her home. She immediately attempted to record the contents of the package, but it was rejected for lack of payment of the recordation tax which totaled $39,600.00.

12.    FedEx subsequently admitted fault in a letter to Avenue Title dated July 17, 2012.  See Ex 2.  Although FedEx apologized for the shipment problems and inconvenience, the only compensation offered was that the shipping charges for the recording package would be deleted.  Id.

13.    On July 17, 2012, Avenue Title attempted to mitigate its damages by

sending an email to Mr. Richard McCain, Assistant County Attorney of Frederick County, Maryland, seeking any assistance that would prevent Avenue from having to incur the $39,600.00 recordation tax, which amount would not have been due had the recording been submitted prior to July 1, 2012. See Ex. 3.  Avenue explained to Mr. McCain the circumstances surrounding the delay in the recording and that they were beyond its control. Id. However, Avenue was denied the requested relief. See Ex. 3

14.     On July 25, 2012, Avenue Title was forced to pay $39,600.00 from its own funds in order to complete the recordation on behalf of its client consistent with the requirements of Maryland law. See Ex. 4.

## COUNT ONE – NEGLIGENCE
### (*Respondeat Superior*)

15.     Paragraphs 1- 14 are incorporated by reference.

16.     An employer is liable for the negligence of his employee if at the time of the negligent act, the employee is acting within the scope of his employment.

17.     Defendant FedEx, through its employee, failed to exercise the duty of ordinary care and competence of a contracted delivery service provider when on June 6, 2012, after discovering the address on Plaintiff Avenue Title's recording package was incorrect, the FedEx deliveryman delivered the recording package to a third party, not involved in the transaction.

18.     Defendant FedEx had a duty, through its employee acting within the scope of his employment, to contact Avenue Title immediately upon the discovery of the incorrect address of Suburban Title or in the alternative to return the recording package to Avenue Title to correct the address, which it failed to perform.

19.   The breach of Defendant's duty of care was the proximate cause of Plaintiff Avenue Title incurring the monetary damages of $39,600.00.

## COUNT TWO – BREACH OF CONTRACT

20.   Paragraphs 1- 19 are incorporated by reference.

21.   Plaintiff Avenue Title contracted with Defendant FedEx to timely deliver its recording package to Suburban Title.

22.   Defendant FedEx, through its employee, materially breached that contract by failing to deliver Avenue Title's recording package to the accurate location.

23.   As a result of that material breach, Plaintiff suffered the financial damages complained of herein.


**WHEREFORE**, the foregoing considered, it is requested that the Court grant the following relief against the Defendants:

1.   $39,600.00 in compensatory damages to Plaintiff Avenue Title for the financial loss they suffered as described herein; and

2.   Award such other and further relief, including attorney's fees, as this Court may deem just and proper.

Respectfully submitted,

**EISEN & ROME, P.C.**

Eric M. Rome, #367241
June L. Marshall, #487648
One Thomas Circle, NW
Suite 850
Washington, DC 20005
(202) 659-2822
Fax: (202) 659-2896
E-mail: eric@eisenrome.com
          june@eisenrome.com

# Exhibit  1



**Fed** Services

FedEx Services | eCQS | EDR Home Page | Data Viewer

Searching database instance rec0 for Airbill # 798480282491 with a ship date of 06/06/2012 and a range of +/- 15 days.

## PACKAGE DETAILS:

| Tracking No:<br>Shipper Account No:<br>Reference No (SRN): | 798480282491<br>210166092<br>RECORDING | Ship Date: | 06/06/2012 |
|---|---|---|---|
| Shipper: | DAVID HELFRICH<br>AVENUE SETTLEMENT CORPORATION<br>2401 PENNSYLVANIA AVE, NW SUITE H<br>WASHINGTON, DC 20037<br>US | Recipient: | ATTN: JAMIE<br>SUBURBAN TITLE & ABSTRACT<br>100 W CHURCH ST # 208<br><br>FREDERICK, MD 21701<br>US |

## DELIVERY INFORMATION/SPOD Letter:

| Signed For By: | K.REMSBERG |
|---|---|
| Delivered to: | 100 W CHURCH ST 208 |
| Delivery Date: | 06/08/2012 |
| Delivery Time: | 10:15 |

1 airbill(s) matched your query.

WEB Development by EDR (Electonic Delivery Record)
Copyright, 2001. FedEx Services.
All rights reserved.     Feedback     Page updated: 06-MAR-2012     Access Count: 12745650

 

FedEx Services | eCQS | EDR Home Page | Data Viewer

Searching database instance rec0 for airbill # 798480282491 with a ship date of 20120606

| | |
|---|---|
| AIRBILL_NBR: | 798480282491 |
| SEQUENCE_NBR: | 2456085000 |
| FORM_CD: | 201 |
| PICKUP_STATUS_CD: | 00 |
| MASTER_AIRBILL_NBR: | |
| SEP_ASSOCIATION_TYPE_CD: | |
| SEP_PKG_CREATE_DT: | 21:21 06/06/2012 |
| PICKUP_TMSTP: | 19:21 06/06/2012 |
| PICKUP_LOC_CD: | DCAA |
| PICKUP_EMPLOYEE_NBR: | |
| SERVICE_TYPE_CD: | 03 |
| HANDLING_CODE_GRP: | |
| COMMITMENT_CD: | A2 |
| DEST_LOC_CD: | HGRA |
| SHIPPER_ACCOUNT_NBR: | 210166092 |
| SHIPPER_COUNTRY_CD: | US |
| SHIPPER_POSTAL_CD: | 20037 |
| SHIPPER_STATE_CD: | DC |
| SHIPPER_CUSTOMER_NM: | DAVID HELFRICH |
| SHIPPER_COMPANY_NM: | AVENUE SETTLEMENT CORPORATION |
| SHIPPER_ADDRESS_DESC: | 2401 PENNSYLVANIA AVE, NW |
| SHIPPER_ADDRESS2_DESC: | SUITE H |
| SHIPPER_CITY_NM: | WASHINGTON |
| RECIPIENT_COUNTRY_CD: | US |
| RECIPIENT_POSTAL_CD: | 21701 |
| RECIPIENT_STATE_CD: | MD |
| RECIPIENT_CUSTOMER_NM: | ATTN: JAMIE |
| RECIPIENT_COMPANY_NM: | SUBURBAN TITLE & ABSTRACT |
| RECIPIENT_ADDRESS_DESC: | 100 W CHURCH ST # 208 |
| RECIPIENT_ADDRESS2_DESC: | |
| RECIPIENT_CITY_NM: | FREDERICK |
| ACCOUNT_NBR: | |
| SHIPPER_REFERENCE_NBR: | RECORDING |
| DOCUMENT_CONTROL_NBR: | |
| DELIVERY (OR ATTEMPT) STATUS_CD: | Standard Delivery (POD 00) |
| SIGNATURE_REC_NBR: | PPNF1353940L |
| SIGNATURE_REC_LINE_NBR: | 16 |
| RECEIVER_NM: | K.REMSBERG |
| PLACE_PACKAGE_LEFT_CD: | Reception/Front Desk (1) |
| DELIVERY (OR ATTEMPT) TMSTP: | 10:15 06/08/2012 |

DELIVERY_ADDRESS_DESC:                    100 W CHURCH ST 208
DELIVERY_ADDRESS2_DESC:
DELIVERY (OR ATTEMPT) ROUTE_NBR:432
DELIVERY (OR ATTEMPT) COURIER_ID:39068
DELIVERY_COMMENT_DESC:
RELEASE_FLG:
                                          Scan Code = Incorrect Rcpt. Address (DEX 03)

EXCEPTION_HISTORY_GRP:                    Scan Time = 11:45 06/07/2012
                                          CourierID = 039068
                                          Scan Info = RECIPIENT MOVED 2022964500

UPDATE_QTY:
LAST_UPDATE_TMSTP:
TIMEZONE_CHANGE_CD:

WEB Development by EDR (Electonic          Feedback        Page updated: 06-MAR-2012                    Access Count: 8567680
Delivery Record)
Copyright, 2001. FedEx Services.
All rights reserved.

Exhibit 2

3075 Airways Boulevard
Memphis TN 38116-4834
Telephone 800 463 3339
Fax 901 332 6263

# FedEx.

Via email mlobar@avenuetitle.co

July 17, 2012

Mr. Mark Lobar
Avenue Settlement Corporation
2401 Pennsylvania Avenue, NW
Suite H
Washington, DC 20037

Dear Mr. Lobar:

I am writing in reference to your May 6, 2012 shipment that traveled on tracking number 798480282491.

According to our records, this shipment was scheduled for delivery on May 8 by 4:30 AM. We discovered on May 7 that the recipient had moved to another location. In an effort to ensure a proper delivery, the courier delivered to what he thought was the new location, "100 Patrick St.". However, we later learned that the address was incorrect.

Mr. Lobar, on behalf of FedEx, I sincerely apologize for the problems with this shipment and certainly regret any inconvenience you sustained. We understand that our customers place the utmost confidence in our ability to provide accurate and efficient service, and we again regret we failed to meet those expectations

We want you to know that we value your patronage and certainly do not expect payment for unsatisfactory services rendered. Therefore, arrangements have been made to delete the shipping charges for this shipment.

We look forward to our continued business association and remain available should you require further assistance.

Regards,

Eric B. Payne
Customer Correspondent
Customer Relations Department

ebp/doc511000

# Exhibit  3

**From:** McCain, Richard [mailto:RMccain@FrederickCountyMD.gov]
**Sent:** Wednesday, July 18, 2012 8:25 AM
**To:** Mark Lobar
**Cc:** Fox, Diane; Lewis, Daniel; Ensor, Joan; 'Cordish, Stuart'
**Subject:** RE: An IDOT problem

Mr. Lobar:

I have read your below message.  Indemnity deeds of trust ("IDOT") in the amount of $3.3million submitted for recording on or after July 1, 2012 are subject to recordation tax.  The IDOT that you would like to have recorded is subject to recordation tax.  If you believe there is a specific exemption from tax applicable to the IDOT that you would like to record ( and I don't know of any) feel free to let me know.  Otherwise, the County is obligated to collect recordation tax on this IDOT.

Richard J. McCain
Assistant County Attorney
Winchester Hall
12 East Church Street
Frederick, Md. 21701
(301) 600-2613
(301) 600-1161 (fax)
Rmccain@FrederickCountyMD.gov

**From:** Mark Lobar [mailto:mlobar@avenuetitle.com]
**Sent:** Tuesday, July 17, 2012 4:11 PM
**To:** McCain, Richard
**Subject:** FW: An IDOT problem

Richard, please read through the facts outlined below, and then call me when you can on 202-494-4996.

Thank you for your consideration in this matter.

Mark

Mark Lobar
Avenue Title Group
  Avenue Commercial Title Company, Inc.
  Avenue Settlement Corporation
Agents for Old Republic National Title Insurance Company, Commonwealth Land Title Insurance Company and Chicago Title Insurance Company
e-mail address: mlobar@avenuetitle.com

AVENUE TITLE GROUP

REAL ESTATE SETTLEMENT FIRMS

| Dupont Circle/U Street: | Florida: |
|---|---|
| 1602 14th Street, N.W. | 2301 Wilton Drive, Suite 3 |
| Washington, DC 20009 | Wilton Manors, FL 33305 |
| (202) 296-4500 | (954) 635-5668 |
| Direct (954) 537-0739 | Direct: (954) 537-0739 |
| facsimile: (954) 565-1401 | facsimile: (954) 565-1401 |
| mobile:   (202) 494-4996 | mobile:   (202) 494-4996 |

West End:
2401 Pennsylvania Avenue, N.W.

Suite H (Corner of 24th and L)
Washington, DC 20037
(202) 296-4500

**Privileged and Confidential Communication**

The information contained in this e-mail message may involve confidential and/or privileged material that is solely transmitted for the purposes of the intended recipient(s). If the reader of this message is not an intended recipient, or if this message has been inadvertently directed to your attention, you are hereby notified that you have received this message and any attached document(s) in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by return e-mail and delete and destroy all copies of the original message. Atención: Este mensaje de correo electrónico está dirigido solamente a su destinatario y contiene información que puede ser privilegiada, confidencial y no divulgable de acuerdo a la ley aplicable. La distribución, divulgación o copia de este mensaje por cualquier individuo que no sea su destinatario o el agente de su destinatario está terminantemente prohibida.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent that this email contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

**From:** Mark Lobar
**Sent:** Monday, July 16, 2012 8:59 AM
**To:** 'scordish@oag.state.md.us'
**Cc:** 'David G. Helfrich'; lroscher@roscherlaw.com; 'Kevin D. Anderson'
**Subject:** An IDOT problem

Mr. Cordish, I have a copy of your Office of the Attorney General June 15th Memo to all Clerks of Courts regarding the taxation of IDOT's beginning July 1st, 2012. I am writing this message to you to request any help you can give us with regard to the situation outlined below.

Our offices have a terrible problem with the recording of a Frederick County $3.3 million IDOT we closed at the end of May. The relevant facts are as follows:

1.  We sent the recording to our abstractor on June 6, 2012, using Federal Express, to Dave Shannon's abstract company, Suburban Title & Abstract Company, Inc.
2.  Our receptionist used an old address saved in our Fed Ex database of an office in the City of Frederick Suburban had since moved from.
3.  On June 7th, when the FedEx driver could not deliver the recording, he neither called us to inform us of the address problem, nor did he return the package to us. That is what FedEx protocol requires the driver to do, but he failed on both counts.
4.  Instead, on June 8th, on his own volition, and because Frederick is such a small town and he knew an employee of Suburban Title, he went to the Frederick County Courthouse, Land Records, and located a woman who in fact used to work for Suburban Title but is now a former Suburban Title employee. She told him she was no longer a Suburban Title employee, but he still allowed her to accept delivery of the recording package even though it was addressed to Suburban Title.
5.  Instead of either contacting us or the Rockville office of Suburban Title to let anyone know that she had the recording, she took it home, apparently intending to forward it to Suburban Title. Instead, it was put into a magazine rack and she forgot she had it. It was not presented for recording prior to July 1st, even though it had even been inside the Courthouse in Frederick on June 8th.

6.      Last Thursday, July 12th, I was reviewing our June bank statement reconciliations for any uncleared recording checks and saw this recording check had not cleared. Our offices then worked with both Suburban Title and with Federal Express to locate the package. The delivery record in the FedEx system did not state it had been delivered to the former Suburban employee in the Courthouse, and FedEx had to physically interview its driver late on the 12th to find out what had occurred.

7.      We were finally informed on the morning of Friday the 13th that it had been delivered to the former Suburban employee. We called Suburban, which, in turn, called the former employee's cell phone. She was requested to go home to look for the package. She found it and called our offices, saying she would immediately record it. She attempted to record it and it was rejected for lack of payment of the Frederick County $39,600.00 recordation tax.

8.      Suburban Title's Frederick County counterpart, Mark Hamrick of Executive Abstracts, based in Frederick, picked up the recording from the former Suburban employee on Friday, July 13th, and attempted to record it with the same rejection results.

While I understand the effect of the new legislation, is there any way, given the facts outlined above, that we can be given an exemption in order to record this Deed of Trust without the recordation tax? Our only alternative would be to advance $39,600.00 of our own funds to record and then retain counsel to sue Federal Express over the matter. We are the victim of a series of circumstances that never should have occurred. Please let us know.

Thank you, in advance, for any assistance you might be able to offer us in this very unhappy situation.

Mark

Mark Lobar
Avenue Title Group
  Avenue Commercial Title Company, Inc.
  Avenue Settlement Corporation
Agents for Old Republic National Title Insurance Company, Commonwealth Land Title Insurance Company and Chicago Title Insurance Company
e-mail address: mlobar@avenuetitle.com

**AVENUE TITLE GROUP**
REAL ESTATE SETTLEMENT FIRMS

| Dupont Circle/U Street: | Florida: |
| --- | --- |
| 1602 14th Street, N.W. | 2301 Wilton Drive, Suite 3 |
| Washington, DC 20009 | Wilton Manors, FL 33305 |
| (202) 296-4500 | (954) 635-5668 |
| Direct (954) 537-0739 | Direct: (954) 537-0739 |
| facsimile: (954) 565-1401 | facsimile: (954) 565-1401 |
| mobile: (202) 494-4996 | mobile: (202) 494-4996 |

West End:
2401 Pennsylvania Avenue, N.W.
Suite H (Corner of 24th and L)
Washington, DC 20037
(202) 296-4500

**Privileged and Confidential Communication**

The information contained in this e-mail message may involve confidential and/or privileged material that is solely transmitted for the purposes of the intended recipient(s). If the reader of this message is not an intended recipient, or if this message has been inadvertently directed to your attention, you are hereby notified

that you have received this message and any attached document(s) in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this message in error, please notify us immediately by return e-mail and delete and destroy all copies of the original message. Atención: Este mensaje de correo electrónico está dirigido solamente a su destinatario y contiene información que puede ser privilegiada, confidencial y no divulgable de acuerdo a la ley aplicable. La distribución, divulgación o copia de este mensaje por cualquier individuo que no sea su destinatario o el agente de su destinatario está terminantemente prohibida.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent that this email contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# Exhibit  4

Circuit Court for
FREDERICK COUNTY
Clerk of the Court,
SANDRA K. DALTON
100 WEST PATRICK STREET
FREDERICK, MD 21701-
(301) 600-1976

Transaction Block:      3908
Book:   9002   Page:   484
Ref: ISL
DEED TRUST R/FEE $20        AMOUNT
IMP FD SURE $40             40.00
RECORDING FEE 20            20.00

SUBTOTAL:                   60.00

Transaction Block:      3909
Book:   9002   Page:   493
Ref: ISL
ASSIGNMENTS                 AMOUNT
IMP FD SURE $40.00          40.00
RECORDING FEE 20            20.00

SUBTOTAL:                   60.00

TOTAL CHARGES:              120.00

PAYMENTS
CHECK                       120.00

TOTAL TENDERED:             120.00


    Cashier: KLH Reg # FR02
       Rcpt #    42698
Date: Jul 26, 2012   Time: 11:14 am

---

Pay To: Clerk of the Circuit Court
Date: 06/01/12.   Amount: 120.00
AVENUE COMMERCIAL TITLE COMPANY, INC / MD AFFORDABLE HOUSING TRUST ACCOUNT
Bank of Georgetown              ISL, LLC IDOT

Check #: 781.0781

---

1005

7/20/2012                       39,600.00

39,600.00

AVENUE COMMERCIAL TITLE COMPANY, INC.  OPERATING ACCOUNT

Treasurer Of
Frederick County Md.
Enter    7/25/2012 1:04 PM
Deed      $0.00
Finance  $39,600.00
Total:   $39,600.00
Property  280598697



1005

AVENUE COMMERCIAL TITLE COMPANY, INC.
OPERATING ACCOUNT
240 PENNSYLVANIA AVE., NW
WASHINGTON, DC 20003

7/20/2012

PAY
TO THE
ORDER OF      Frederick County Treasurer                        $ **39,690.00

Thirty-Nine Thousand Six Hundred and 00/100 ************************ DOLLARS

Frederick County Treasurer

AUTHORIZED SIGNATURE

MEMO
ISL, LLC IDOT

---

**AVENUE COMMERCIAL TITLE COMPANY, INC. – OPERATING ACCOUNT**                    **1005**

Frederick County Treasurer                    7/20/2012
                                                            39,600.00

Bank of Georgetown      ISL, LLC IDOT                        39,600.00

**AVENUE COMMERCIAL TITLE COMPANY, INC. – OPERATING ACCOUNT**                    **1005**

Frederick County Treasurer                    7/20/2012
                                                            39,600.00

Bank of Georgetown      ISL, LLC IDOT                        39,600.00

PRODUCT DLT104      USE WITH 91603 ENVELOPE          PRINTED IN U.S.A.

0007

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Avenue Settlement Corporation
d/b/a Avenue Title Group, et al.

                            Plaintiff

vs.                       Case Number **13 - 0 0 0 6 6 7 2**

FedEx Corporation
d/b/a FedEx Express

                            Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Eric M. Rome
_____
Name of Plaintiff's Attorney

One Thomas Circle, NW, Suite 850
_____
Address
Washington, DC  20005
_____

202-659-2822 ext. 4
_____
Telephone

*Clerk of the Court*

By _____
                  Deputy Clerk

Date _____10/2/2013_____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Avenue Settlement Corp.
d/b/a Avenue Title Group, et al.

Case Number: **13 - 0006672**

Date: _____

vs

FedEx Corporation
d/b/a FedEx Express

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>**June L. Marshall** | Relationship to Lawsuit |
| Firm Name:<br>**Eisen & Rome, P.C.** | ☒ Attorney for Plaintiff<br>☐ Self (Pro Se) |
| Telephone No.:           Six digit Unified Bar No.:<br>**202-659-2822x5      487648** | ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury        ☐ 6 Person Jury        ☐ 12 Person Jury

Demand: $ **39,600.00**                        Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____  Judge: _____  Calendar #: _____

Case No.: _____  Judge: _____  Calendar#: _____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                                                    **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 07 Personal Property          ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance        ☐ 17 OVER $25,000
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process            ☐ 09 Harassment                        ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy                   Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander                 ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference            ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution             ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal                 ☐ 21 Asbestos
☐ 07 False Arrest                ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☒ 16 Negligence- (Not Automobile,      ☐ 23 Tobacco
                                      Not Malpractice)                  ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐   IF USED

CV-496/Jan 13

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation
  Under $25,000 Pltf.
  Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)

- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award
  (DC Code § 16-4401)

- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation
  Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation
  Over $25,000
- ☐ 28 Motion to Confirm Arbitration
  Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____
Attorney's Signature

10 / 1 / 13
_____
Date



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

AVENUE SETTLEMENT CORPORATION et al
 Vs.
FEDEX CORPORATION

C.A. No. 2013 CA 006672 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge MAURICE ROSS
Date:  October 2, 2013
Initial Conference: 9:00 am, Friday, January 03, 2014
Location:  Courtroom 100
   500 Indiana Avenue N.W.
   WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc